MW/ICR

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

MOHAMED RAFIK NAJI,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - -X

**STIPULATION AND ORDER**

Cr. No. 16-653 (FB)

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned attorneys and ORDERED by the Court, pursuant to Federal Rule of Criminal Procedure 16(d), that:

1. Any and all discovery material provided by the government containing information of the type identified in Rule 49.1(a) of the Federal Rules of Criminal Procedure and/or designated by the government as containing materials with heightened sensitivity that is produced to the defendant and defense counsel by the government in the above-captioned case (together, "Sensitive Discovery Material"), and any and all copies, notes, transcripts, documents or other information derived or prepared from the Sensitive Discovery Material, may be used by the defendant and defense counsel only for purposes of preparing and defending the case, including but not limited to trial, sentencing, any appeal and any collateral attack, involving the charges in the above-captioned case;

2. The designation of discovery materials as Sensitive Discovery Material is within the sole discretion of the government pursuant to the terms of this Stipulation and

1

Order.  The government will clearly label the specific materials that are Sensitive Discovery Material and thus subject to this Stipulation and Order.

3.     Any and all Sensitive Discovery Material produced to the defendant and defense counsel by the government and any copies, notes, transcripts, documents or other information derived or prepared from the Sensitive Discovery Material shall not be further disseminated by the defendant or defense counsel to any individuals, organizations or other entities (other than legal staff of the defense counsel, including project analysts, paralegals and IT staff, or investigators/agents retained by defense counsel) unless they have been provided a copy of and signed this Stipulation and Order, without further Order of the Court;

4.     Where the defendant and/or defense counsel wishes to disclose any portion of the Sensitive Discovery Material or any copies, notes, transcripts, documents or other information derived or prepared from the Sensitive Discovery Material, to any individual other than a member of the legal staff of defense counsel (which legal staff includes project analysts, paralegals and IT staff, or investigators/agents retained by defense counsel), and, unless the government consents to the disclosure, defense counsel must make an application to the Court for authorization to make such disclosure and either (i) notify the government sufficiently in advance of the contemplated disclosure to permit briefing and argument on the propriety of such disclosure; or (ii) inform the Court in writing why it should decide the application ex parte without notice to the government;

5.     Nothing in this Stipulation and Order shall preclude the government from seeking a further protective order pursuant to Rule 16(d) as to particular items of Sensitive Discovery Material;

6.    None of the Sensitive Discovery Material nor any copies, notes, transcripts, documents or other information derived or prepared from the Sensitive Discovery Material shall be disseminated to, or discussed with, the media in any form. Nothing in this Stipulation and Order prohibits the media from obtaining copies of any items that become public exhibits at any conference, hearing, trial or other proceeding; where the defendant and/or defense counsel wishes to refer to or to attach any portion of the Sensitive Discovery Material in public filings made with the Court, defense counsel must provide advance notice to the government and, unless the government consents to the disclosure, make application to the Court for authorization to make such disclosure, and such notice must be given sufficiently in advance of the contemplated application so as to permit briefing and argument on the propriety of such disclosure, except that the requirements of advance notice to the government and application to the Court for authorization to make such disclosure shall not apply to the use of Sensitive Discovery Material at pretrial evidentiary hearings or at trial or where all documents referring to, attaching or consisting of Sensitive Discovery Material are filed under seal;

7.    Nothing in this Stipulation and Order in any way releases counsel for the government or defense counsel from the obligations of the "Free Press Fair Trial Directives" of Local Rule 23.1 of the Local Criminal Rules of the Eastern District of New York;

8.    This Stipulation and Order pertains solely to unclassified discovery materials. Nothing in this Stipulation and Order shall preclude the government from seeking a further protective order pursuant to Rule 16(d) and/or the Classified Information Procedures Act as to particular items of discovery material, including classified discovery materials which are subject to additional handling restrictions and controls;

3

9.    If the defendant obtains substitute counsel, the undersigned defense counsel will not transfer any portion of the Sensitive Discovery Material or any copies, notes, transcripts, documents or other information derived or prepared from the Sensitive Discovery Material unless and until substitute counsel enters into this Stipulation and Order;

10.    The defendant and defense counsel will destroy or return to the government the Sensitive Discovery Material and all copies thereof, whether in the possession of the defendant, defense counsel (or his or her legal staff) or any investigator/agent retained by defense counsel who has signed this Stipulation and Order, at the conclusion of the trial if the defendant is acquitted on all counts or, in the case of a conviction either at trial or by a guilty plea, upon completion of any sentencing, appeal or collateral attack on the conviction made by the defendant, with the exception that defense counsel may retain one copy set for its records provided the defendant is given access to that copy set; and

11.    Any violation of this Stipulation and Order, as determined by the Court, will require, in addition to any other sanction deemed appropriate by the Court, the

4

immediate destruction of or return to the United States of the Sensitive Discovery Material
and all copies thereof.

Dated: Brooklyn, New York
        January 12, 2017

                                    ROBERT L. CAPERS
                                    United States Attorney
                                    Eastern District of New York

                        By:         _____
                                    Melody Wells
                                    Ian C. Richardson
                                    Assistant U.S. Attorneys

                                    _____
                                    Susan G. Kellman, Esq.
                                    Attorney for MOHAMED RAFIK NAJI

SO ORDERED.

        S/ Frederic Block
_____
THE HONORABLE FREDERIC BLOCK
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

5